**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

April 26, 2012

**VIA ECF**
The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:    Reizes v. Penncro**
        **11 CV 6021 (SLT) (JMA)**

Dear Magistrate Judge Azrack:

I represent the plaintiff in the above referenced matter.  This letter motion is to compel the defendant to accept the plaintiff's Rule 26 disclosures as being proper and to respond to the plaintiff's discovery requests as ordered by the Court.

Please allow me to explain.  Plaintiff served his Rule 26 disclosures.  On April 5, 2012 Mr. Sanders wrote to me as follows:

```
I am in receipt of plaintiff's Rule 26 Disclosures.  It
would appear that the disclosures are deficient, as none of
the documents or evidence referenced in the disclosures are
actually produced.

The Rule  26  Disclosures  fail  to  indicate  which  of
plaintiff's telephone numbers were called by the defendant.
The disclosures indicate that plaintiff has documentation
concerning the telephone services provided to him, but the
documentation  was  not  enclosed  with  the  Rule  26
Disclosures. Similarly, plaintiff refers to recordings, but
does  not  actually  append  the  recordings.   Finally,
plaintiff refers to bills for telephone service, but does
not actually enclose any of the telephone bills.

Since you are away for Pesach, I will await your return
before pushing the issue further.

I shall look forward to hearing from you when you return to
the United States.
```

If one reviews F.R.C.P. 26(a)(ii) one can provide a copy or a decription. I provided a description of certain documents. Mr. Sanders wants us to provide the telephone numbers and the recordings of messages. The purpose of Rule 26 disclosures is that Mr. Sanders can now request the information in his discovery requests. However, to date and certainly up until the deadline imposed by the Court, Mr. Sanders did not serve any discovery requests. Furthermore, we are not obligated to produce any recordings until we take the deposition of the collectors so that they do not have the recordings to prepare for their deposition.

We contend that our Rule 26 disclosures comply with the Rules. Furthermore, Mr. Sanders has indicated that he will not be responding to our discovery requests until the information he requested is provided. We believe that there is no basis whatsoever to take such a position.

On April 26, 2012 he wrote to the undersigned as follows:

```
I am in receipt of your correspondence dated April 18th, but
it is defendant's position that the deadline to answer your
pending discovery requests has not yet begun to run.  Until
such time as you provide adequate Rule 26 Disclosures,
discovery cannot commence.

Please   advise   whether   you   wish   to   have   this   matter
addressed with Magistrate Azrack.  Defendant is not willing
to proceed without obtaining the information referenced in
my April 5th e-mail correspondence to you on this subject.
```

Therefore, we request that the Court issue an order deeming the plaintiff's Rule 26 disclosures as being sufficient, and confirm that the parties are to respond to discovery requests by April 30, 2012 as previously ordered by the Court.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein

 Cc:    Arthur Sanders, Esq.